FILED
United States Court of Appeals
Tenth Circuit

August 3, 2017

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

GUILLERMO GRAMAJO-GIRON,

     Defendant - Appellant.

No. 17-6071
(D.C. No. 5:16-CR-00228-F-1)
(W.D. Okla.)

_____

ORDER AND JUDGMENT[*]
_____

Before **LUCERO**, **O'BRIEN**, and **MORITZ**, Circuit Judges.
_____

Guillermo Gramajo-Giron appeals following his guilty plea to unlawful reentry

of a removed alien.  His counsel moves for leave to withdraw in a brief filed pursuant

to Anders v. California, 386 U.S. 738 (1967).  Exercising jurisdiction under

28 U.S.C. § 1291, we dismiss the appeal and grant counsel's motion to withdraw.

**I**

In a written petition to enter a plea of guilty, Gramajo-Giron admitted to

illegally reentering the country after having been removed on several occasions.  He

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

also represented that: (1) he had consulted with his attorney about the case and was satisfied with counsel's services; (2) he understood that entry of a guilty plea would constitute a waiver of numerous constitutional rights; and (3) he was waiving those rights voluntarily, in the absence of any threats or promises. The petition further addressed the penalties that could be imposed upon conviction, and the sentencing process. After reviewing the petition and engaging in a thorough plea colloquy, the district court accepted Gramajo-Giron's plea.

A Presentence Investigation Report recommended a Guidelines range of 30-37 months' imprisonment, based on a total offense level of thirteen and a criminal history category of V. The offense-level calculation was predicated on a base offense level of eight, an eight-level enhancement for a prior felony conviction with an imposed sentence of two years or more, see U.S.S.G. § 2L1.2(b)(2)(B), and a three-level adjustment for acceptance of responsibility.

At sentencing, Gramajo-Giron sought leniency based on his need to care for an ailing relative in Guatemala. Although the district court indicated it had been considering a sentence at the top of the Guidelines range, it changed course in response to defense counsel's and Gramajo-Giron's statements and entered a sentence of thirty months. Gramajo-Giron timely appealed.

## II

If an attorney concludes after conscientiously examining a case that any appeal would be frivolous, he may so advise the court and request permission to withdraw. Anders, 386 U.S. at 744. In conjunction with such a request, counsel must submit a

2

brief highlighting any potentially appealable issues and provide a copy to the defendant. Id. The defendant may then submit a pro se brief. Id. If the court determines that the appeal is frivolous upon careful examination of the record, it may grant the request to withdraw and dismiss the appeal. Id. In this case, defense counsel provided a copy of the Anders brief to Gramajo-Giron, but a pro se brief was not filed.

Counsel's Anders brief first considers the procedural and substantive reasonableness of Gramajo-Giron's sentence. "We review sentences under an abuse of discretion standard for procedural and substantive reasonableness." United States v. Washington, 634 F.3d 1180, 1184 (10th Cir. 2011). "Procedural review asks whether the sentencing court committed any error in calculating or explaining the sentence." United States v. Alapizco-Valenzuela, 546 F.3d 1208, 1214 (10th Cir. 2008). "Substantive review involves whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." Id. at 1215 (quotation omitted). "If the district court correctly calculates the Guidelines range based upon the facts and imposes [a] sentence within that range, the sentence is entitled to a presumption of reasonableness." United States v. Sutton, 520 F.3d 1259, 1262 (10th Cir. 2008).

We agree with counsel that the district court correctly determined Gramajo-Giron's Guidelines range and properly explained his sentence by reference to the § 3553(a) factors. And we see nothing in the record rebutting the presumption that his sentence at the bottom of the Guidelines range was substantively reasonable.

3

The Anders brief also raises the possibility of guilt-related issues.  But as counsel notes, "[a] defendant who knowingly and voluntarily pleads guilty waives all non-jurisdictional challenges to his conviction."  United States v. Wright, 43 F.3d 491, 494 (10th Cir. 1994) (footnote omitted).  We do not observe any potential jurisdictional defects.  Nor do we find any evidence in the record that Gramajo-Giron's guilty plea was unknowing or involuntary.  See United States v. Jim, 786 F.3d 802, 806 (10th Cir. 2015) (guilty plea invalid if not knowingly and voluntarily made).  He pled guilty pursuant to a written petition after acknowledging the consequences of his plea and its concomitant waiver of various rights.  See id. at 812-13 (defendant's acknowledgment of terms of plea agreement sufficient to show knowing and voluntary nature of plea).

Finally, our independent review of the record has not uncovered any other potentially meritorious issues.

**III**

For the foregoing reasons, we **GRANT** counsel's request to withdraw and **DISMISS** the appeal.

Entered for the Court

Carlos F. Lucero
Circuit Judge

4